**FILED**
VANESSA L. ARMSTRONG, CLERK

AUG 02 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY



**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:18-cv-197-RGJ-CHL**

**TARANEH F. MOMENI-KURIC**                                                   **Plaintiff**

**v.**

**METROPOLITAN PROPERTY AND CASUALTY,**                        **Defendant**
**INSURANCE COMPANY**

## <u>JURY INSTRUCTIONS</u>

Members of the jury, these instructions will be in three parts: first, general rules that

define and control your duties as jurors; second, the rules of law that you must apply in deciding

whether the Plaintiff has proven her case; and third, some rules for your deliberations. A copy of

these instructions will be available for you in the jury room.

# I. GENERAL RULES CONCERNING JURY DUTIES

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

## EVIDENCE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, here in Court or by video deposition, regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted.

Statements, arguments, objections, and questions by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.

"Circumstantial evidence" is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## EXPERT WITNESSES & OPINION TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

## ALL PERSONS EQUAL BEFORE THE LAW—CORPORATIONS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation, like Metropolitan, is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

## DUTY TO MITIGATE

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to affect a recovery from such injuries.

## CLAIMS OF THE PARTIES

In this case, the plaintiff, Taraneh Momeni-Kuric, was in an automobile collision on May 28, 2013 in Jefferson County, Kentucky. The Court has already determined, and you must accept, that the driver of the other vehicle, Ms. Donna Thompson, was negligent in the operation of her vehicle, and that her negligence was the sole cause of the accident. In view of that determination, the only issues remaining for you to decide from the evidence are:

First: What injury to plaintiff, Taraneh Momeni-Kuric, was caused by the accident;

and

Second: The amount of damages, if any, plaintiff, Taraneh Momeni-Kuric, is entitled to recover that will fairly compensate her for the injuries and damages she incurred due to the accident.

Plaintiff alleges that by reason of plaintiff's claimed injuries resulting from the accident in this case, plaintiff has sustained damages. These allegations are not evidence, of course, but merely the extent of plaintiff's claims and must not be considered by you as evidence in the case.

## DAMAGES FOR LOST EARNING CAPACITY

If you find for plaintiff you will determine from the evidence and award her a sum of money that will fairly and reasonably compensate her for such loss or impairment of her power to earn money as you believe from the evidence she has suffered directly by reason of the accident.

## DAMAGES FOR PAIN AND SUFFERING

If you find for plaintiff you will determine from the evidence and award her a sum of money that will fairly compensate her for whatever physical or mental suffering you believe from the evidence she has sustained or is reasonably certain to endure hereafter as a direct result of the accident.

## II. RULES OF LAW

INSTRUCTION NO. 1

The Court has determined that the only question for you to decide in this case is whether the Plaintiff has sustained any damages directly by reason of the May 28th, 2013 accident. Therefore, you will determine from the evidence and award Plaintiff a sum of money that will fairly and reasonably compensate her for the following damages that you believe by a preponderance of the evidence she sustained directly by reason of the May 28th, 2013 accident, if any:

1) Lost earning capacity

2) Physical and mental pain and suffering

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

Please indicate the amount of damages, if any, in Part One of the Verdict Form.

## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## ELECTION OF FOREPERSON AND RETURN OF VERDICT

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## COMMUNICATION WITH THE COURT

Do not talk to the CSO, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury. You may only communicate with me by a signed writing or here in open Court. If you write me a message, the CSO will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:18-cv-197-RGJ-CHL**

**TARANEH F. MOMENI-KURIC**                                             **Plaintiff**

**v.**

**METROPOLITAN PROPERTY AND CASUALTY,**                    **Defendant**
**INSURANCE COMPANY**

## VERDICT FORM

### Part One

**We, the Jury**, make the following findings of damages under Instruction No. 1:

(1)  Lost earning capacity                                   $_____
     (not to exceed $5,735,120)

(2)  Pain and Suffering                                      $_____
     (not to exceed $3,000,000)


                                        _____
                                        FOREPERSON'S SIGNATURE


                                        _____
                                        FOREPERSON'S JUROR NUMBER


                        DATE _____